|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND |

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 12-2121-JFW (SHx)** | Date: March 23, 2012 |
| Title: | Robert Elguezabal -v- Macys West Stores, Inc., et al. | |

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

| | |
|---|---|
| **PROCEEDINGS (IN CHAMBERS):** | ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT;<br><br>ORDER STAYING REMAND ORDER UNTIL MARCH 26, 2012 |

   On January 18, 2012, Plaintiff Robert Elguezabal ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendants Macy's West Stores, Inc. ("Macy's"), Record Town USA, LLC ("Record Town"), and California Steak & Fries, Inc. ("California Steak & Fries"). On March 13, 2012, Record Town filed a Notice of Removal.

   The removing party has the burden of establishing that removal is proper, and must strictly comply with the removal statute. Any doubts about the right to remove are resolved against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). 28 U.S.C. § 1446(b) provides that a "notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). As a general rule, all defendants in the state court action must join in the petition for removal. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir.2002). Although there are certain exceptions to this rule of unanimity, "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir.1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.2006) (citations omitted); *cf., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (noting that nominal, unknown, fraudulently joined, or improperly served defendants need not join in a petition for removal).

In this case, it does not appear that Macy's and California Steak & Fries joined or consented to the removal, and Record Town has provided no evidence that these defendants have not been served with the Summons and Complaint in this case.[1] *See, e.g., Pianovski v. Laurel Motors, Inc.*, 924 F.Supp. 86, 87 (N.D. Ill. 1996) (finding the defendant filing the notice of removal did not demonstrate diligence in determining if other defendants had been served with the complaint where the only attempt to confirm service was calling the Clerk to determine if proofs of service had been filed); *see, also, Leuzzi v. Dollar Tree Stores, Inc.*, 2005 WL 2972982, *2 (E.D. Pa. Nov. 4, 2005) (remanding case and holding that "[a]lthough it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements cannot be overlooked" where removing defendant did not include consent to removal by all defendants in its notice of removal).  Therefore, Record Town's removal is improper.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  The Court **STAYS** this Order until **March 26, 2012.**  Because Plaintiff originally filed this action in Los Angeles Superior Court, the Court assumes that Plaintiff does not object to the remand of this action.  However, in the unlikely event Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before **March 26, 2012.**  If Plaintiff instead prefers that this action be remanded to state court, Plaintiff may simply decline to file a waiver of the procedural defect.

IT IS SO ORDERED.

---

[1] It appears that a page is missing from Record Town's Notice of Removal, making it impossible for the Court to determine Record Town's basis for removing this action, whether or not Record Town filed this Notice of Removal within 30 days of receiving a copy of the Summons and Complaint, and whether or not any of the other defendants to this action had been served and, if so, if they joined or consented to this removal.